

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 FEB 23 PM 4:05

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM MOSER | CIVIL ACTION |
| VERSUS | NO. 07-320 |
| STATE OF LOUISIANA | SECTION "B"(6) |

### TRANSFER ORDER

Petitioner, WILLIAM MOSER, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1990 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The trial court disregarded petitioner's constitutional rights available to him on direct appeal and post-conviction;

2) His sentence is illegal because it was based on an incomplete, non-responsive verdict from the jury.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>William Moser v. Burl Cain,</u>

___ Fee_____
___ Process____
X  Dktd_____
___ CtRmDep___
___ Doc. No____

<u>Warden</u>, Civil Action 99-3328 "B"(6). In that petition, petitioner raised the following grounds for relief:

1) His conviction was obtained upon insufficient evidence, in violation of due process and equal protection;

2) Petitioner "is actually innocent in the interest of justice."

That petition was denied as untimely by Judgment entered April 13, 2000. Petitioner appealed that judgment. The United States Fifth Circuit Court of Appeal dismissed the appeal for want of prosecution. <u>Moser v. Cain</u>, 00-30538 (5th Cir. 2000).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file

2

this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that WILLIAM MOSER's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 22nd day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE